**PRICE LAW GROUP, APC**
David A. Chami, AZ #027585
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
P: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com
*Attorney for Plaintiffs Rose and Robert Tapia*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROSE and ROBERT TAPIA,<br><br>      Plaintiffs,<br>vs.<br><br>NATIONSTAR MORTGAGE LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and EQUIFAX INC.<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.];<br>2. THE FAIR DEBT COLLECTION PRACTICES ACT [15 USC 1692 et. seq.] |

### INTRODUCTION

1. Rose and Robert Tapia ("Plaintiffs") bring this action to secure redress from Nationstar Mortgage LLC ("Nationstar"), Trans Union LLC ("TransUnion"), Experian Information Solutions Inc. ("Experian"), and Equifax Inc. ("Equifax") (herein collectively as "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and their

COMPLAINT      1

agents for their illegal reporting on Plaintiff's credit reports and in their illegal efforts to collect an alleged consumer debt from Plaintiffs.

## PARTIES

2. Plaintiffs Rose and Robert Tapia (hereinafter "Plaintiffs") are consumers, natural persons allegedly obligated to pay a debt, and citizens of the United States of America who presently reside in: Maricopa County, Arizona.

3. Defendant, Nationstar is a mortgage company that offers servicing, origination, and transaction-based real estate services, including homeowners, home buyers, home sellers, investors, and other real estate market participants. Nationstars domicile is located in Wilmington, Delaware and regularly transacts business throughout the United States including Arizona.  Defendant Nationstar can be served through its registered agent Corporation Service Company located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

4. Defendant engages in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b).  In addition, Defendant Nationstar engages in the practice of collecting debt as defined in 15 U.S.C. 1692a(6).

COMPLAINT                                                             2

5. Defendant, TransUnion is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union can be served through its registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

6. Defendant, Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its registered agent CT Corporation System located at 3800 N Central Ave., Suite 460, Phoenix Arizona 85012.

7. Defendant, Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f) and RCW 19.182.010(5). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its

COMPLAINT                                         3

registered agent Prentice-Hall Corp System located at 2338 W Royal Palm Rd., Suite-J, Phoenix Arizona 85021.

8. On information and belief, Defendants TransUnion, Experian, and Equifax disburse the *consumer reports* to third parties under contract for monetary compensation.

9. At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1681.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.  Because Defendants transact business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

12. In or around the year 2006 Plaintiffs decided to purchase a home located at 1197 East Barcelona Ave., Casa Grande Arizona 85222 (hereinafter the "Property").

COMPLAINT                                                                 4

13. In or around January 2007, Plaintiffs requested two home loans through Bank of America for the Property. First loan account number ending in 1376 and Second loan account number ending in 8517.

14. On or about June 1, 2009 Plaintiffs stopped making payments to Bank of America due to financial setbacks and the collapse of the real estate market.

15. Plaintiffs listed the Property in attempt to sell the home.

16. Due to the decrease of the Property value, Plaintiffs decided to short sale the home through Bank of America.

17. On or about October 28, 2011 a short sale approval letter ("Letter") was issued to Plaintiffs. Bank of America would collect approximately $32,289 on the first lien and approximately $1,297 on the second lien.

18. The Letter stated that Bank of America N.A. would waive its right to pursue collection of any deficiency following the completion of the short sale and Plaintiff's debts are considered settled (Exhibit A: Short Sale Approval Letter).

19. On or about November 7, 2011 the settlement was completed. (Exhibit B: HUD Settlement Statement).

20. Sometime during the debt settlement with Bank of America, the accounts were transferred to The Bank of New York Mellon, N.A.; Nationstar acted as the mortgage loan servicer.

COMPLAINT 5

21. Plaintiffs began receiving collection letters from Nationstar; Loan account number 612113210 ("Account").

22. The letters were an attempt to collect on a debt that no longer existed. The collection was in regards to the loan through Bank of America (Exhibit C: Nationstar Mortgage Collection Letter).

23. Plaintiffs also began receiving calls from Nationstar on or about January 5, 2015.

24. Plaintiffs informed Nationstar agent the debt no longer existed and faxed documents supporting their statement to fax number 469-464-0629.

25. In or around April 2015, Plaintiffs decided to review their credit reports.

26. Upon reviewing their credit reports they realized that the Account was still reporting as an open account with a balance of approximately $21,000.

27. On or about May 12, 2015, Plaintiffs disputed the Account with Nationstar, Trans Union, Experian and Equifax.

28. Plaintiffs sent the dispute letter to Nationstar by certified mail. The letter was tracked through USPS and delivered to Nationstar on May 23, 2015.

29. Plaintiffs both received a separate response from Experian on or about May 28, 2015. Experian responded to both Plaintiffs disputes claiming the disputes

COMPLAINT                                6

were suspicious and Experian refused to investigate the claim or to consider any future written disputes.

30. Plaintiffs did not receive responses from Nationstar, Trans Union or Equifax.

31. On or about August 3, 2015, Plaintiffs once again disputed the Account and similarly sent letters to Trans Union, Experian and Equifax; all by certified mail.

32. Trans Union, Experian and Equifax all responded to the second round of disputes from August 3, 2015 by refusing to correct the inaccurately reported data from their individual credit reports.

### FIRST CAUSE OF ACTION
**Defendant Nationstar**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

33. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The FCRA requires a furnisher such as Nationstar, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals

COMPLAINT                                  7

that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

35. From in or around January 2014 until the Present, Nationstar has provided inaccurate information to the credit reporting agencies.

36. During that time, Plaintiffs notified Defendants TransUnion Experian, and Equifax that their reports concerning Defendant Nationstar were inaccurate. Thereafter, the credit reporting agencies notified Defendant Nationstar that Plaintiffs were disputing the information it had furnished to the credit reporting agencies.

37. Defendant Nationstar violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(a), (b):

    (a)    Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;

    (b)    Willfully and negligently failing to review all relevant information concerning Plaintiffs mortgage;

    (c)    Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

COMPLAINT                              8

(d) Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e) Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;

(f) Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning both Plaintiffs to the credit reporting agencies; and

(g) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(a), (b).

38. Defendant Nationstar's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to both Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate both Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

//

COMPLAINT                                                     9

## SECOND CAUSE OF ACTION
**Defendant Nationstar**
**Violations of the FDCPA, 15 USC 1692 *et. seq.***

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt." 15 U.S.C. § 1692e. Furthermore, a debt collector will be found in violation if the following conduct is determined: a false representation of "the character, amount, or legal status of any debt" 15 U.S.C. § 1692e(2)(a).

41. From the date of January 2014 till on or around June 2015, Defendant Nationstar continued to report a balance of approximately $21,000 to all three major credit reporting agencies in an attempt to collect a debt from both Plaintiffs.

42. Defendant Nationstar's reporting of the balance was a false representation of amount and legal status of the debt.

43. Defendant Nationstar's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendant is liable to compensate both Plaintiffs for the full amount of statutory, actual and punitive

COMPLAINT                                    10

damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1692k.

44. Defendant Nationstar violated 15 U.S.C. 1692e(2)(a) by sending a collection letters and calling Plaintiffs demanding payment for a debt that was not owed.

### THIRD CAUSE OF ACTION
**Defendants TransUnion, Experian and Equifax**
**Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.***

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

47. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the

dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).  In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

48. The Defendants, credit-reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiffs disputed.

49. The Defendants, credit-reporting agencies, failed to review and consider all relevant information submitted by Plaintiffs.

50. The Defendants, credit reporting agencies, failed to employ and follow reasonable procedures to assure maximum possible accuracy of both Plaintiffs credit reports, information, and file, in violation of 15 U.S.C. § 1681e(b).

51. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiffs have sustained damages.

52. The Defendants, credit-reporting agencies, violations of the FCRA were willful and therefore Plaintiffs are entitled to seek statutory and punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(2)(a);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and 1692k(3);

D. Any pre-judgment and post judgment interest as may be allowed under the law; and

E. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

DATED this 24th day of September, 2015,

**PRICE LAW GROUP, APC**

By: */s/David A. Chami*

David A. Chami
*Attorney for Plaintiffs Rose and Robert Tapia*